THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

In re:

ROCHESTER DRUG CO-OPERATIVE, INC.

Debtor.

Chapter 11

Case No. 20-20230 (PRW)

---

Advisory Trust Group, LLC, as trustee of the RDC LIQUIDATING TRUST,

Plaintiff,

v.

ASTRAZENECA LP,

Defendant.

Adv. Proc. No. 22-02008

---

## ANSWER AND AFFIRMATIVE DEFENSES OF ASTRAZENECA LP

Astrazeneca LP ("Defendant"), by and through its undersigned counsel, Harris Beach PLLC, hereby responds to the *Complaint for Avoidance and Recovery of Preferential Transfers and Objection to Claims* ("Complaint") filed by Advisory Trust Group, LLC, as trustee of the RDC Liquidating Trust ("Plaintiff") as follows:

### NATURE OF THE ACTION

1. The allegations in paragraph 1 of the Complaint state the Plaintiff's intentions and/or constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 of the Complaint state the Plaintiff's intentions and/or constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 2 of the Complaint.

### THE PARTIES

3. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and therefore denies same.

4. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and therefore denies same.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

### JURISDICTION AND VENUE

6. The allegations in paragraph 6 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 6 of the Complaint, and denies any other remaining allegations contained in paragraph 6 of the Complaint.

7. The allegations in paragraph 7 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint state the Plaintiff's intentions and/or constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint, and denies any other remaining allegations contained in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint.

### **BASIS FOR RELIEF REQUESTED**

10. The allegations in paragraph 10 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

### **PROCEDURAL BACKGROUND**

11. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint and therefore denies same.

12. Defendant admits that it did not file a proof of claim against the Debtor, and that the Debtor scheduled a claim for the Defendant in the amount of $2,550,134.32, but lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the balance of the allegations contained in paragraph 12 of the Complaint and therefore denies same.

13. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint and therefore denies same.

14. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint and therefore denies same.

15. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint and therefore denies same.

16. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and therefore denies same.

## FACTUAL BACKGROUND

17. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and therefore denies same.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits that the Debtor made Transfers[1] to Defendant, but lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the balance of the allegations contained in paragraph 19 of the Complaint and therefore denies same.

20. The allegations in paragraph 20 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint and therefore denies same.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint and therefore denies same.

---

[1] Capitalized terms not defined herein are defined in the Complaint.

23. The allegations in paragraph 23 of the Complaint state the Plaintiff's intentions and/or constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits it received the Demand Letter and that the Transfers may be subject to certain defenses, but denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendant lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint and therefore denies same.

26. The allegations in paragraph 26 of the Complaint state the Plaintiff's intentions and/or constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

27. Defendant incorporates by references the responses to the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28. Defendant admits the allegations contained in paragraph 28 of the Complaint.

29. The allegations in paragraph 29 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 29 of the Complaint, and denies any other remaining allegations contained in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant admits it was a

Case 2-22-02008-PRW, Doc 20, Filed 10/27/22, Entered 10/27/22 09:49:31, Description: Main Document, Page 5 of 12

creditor of the Debtor, and denies any other remaining allegations contained in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of the Complaint, and denies any other remaining allegations contained in paragraph 31 of the Complaint.

32. The allegations in paragraph 32 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 32 of the Complaint, and denies any other remaining allegations contained in paragraph 32 of the Complaint.

33. The allegations in paragraph 33 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 33 of the Complaint, and denies any other remaining allegations contained in paragraph 33 of the Complaint.

34. The allegations in paragraph 34 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 34 of the Complaint, and denies any other remaining allegations contained in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in paragraph 36 of the Complaint.

37. The allegations in paragraph 37 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 37 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property – 11 U.S.C. § 550)

38. Defendant incorporates by references the responses to the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39. The allegations in paragraph 39 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. The allegations in paragraph 40 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The allegations in paragraph 41 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Objections to Defendant's Claims – Disallowance Under 11 U.S.C. § 502(d) & (j))

42. Defendant incorporates by references the responses to the allegations contained in paragraphs 1 through 41 above as if fully set forth herein.

43. The allegations in paragraph 43 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. The allegations in paragraph 44 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. The allegations in paragraph 45 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. The allegations in paragraph 46 of the Complaint constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. The allegations in paragraph 47 of the Complaint state the Plaintiff's intentions and/or constitute conclusions of law, for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies that Plaintiff is entitled to the relief required in its "Wherefore" clause and/or Prayer for Relief.

49. Defendant denies any and all other allegations not specifically admitted herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure as incorporated into the bankruptcy arena by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint should be dismissed for failure to plead sufficient facts with specificity as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure as incorporated into the bankruptcy arena by Rule 7008 of the Federal Rules of Bankruptcy Procedure.

3. Plaintiff's allegations wherein he "repeats and realleges" his allegations in the paragraphs above do not provide sufficient specificity and therefore the Complaint should be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

4. The Plaintiff's claims and/or any amendments to the Complaint against Defendant are barred by applicable statutes of limitations or statutes of repose.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

5. The Court lacks jurisdiction over the Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

6. The Transfers the Plaintiff attempts to avoid were intended by the Debtor and the Defendant to be contemporaneous exchanges for new value given and were, in fact, substantially contemporaneous exchanges.

7. As a result, said Transfers are not receivable pursuant to 11 U.S.C. § 547(c)(1).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. The Transfers Plaintiff attempts to avoid were payments of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant, were made in the ordinary course of business or financial affairs of the Debtor and Defendant.

9. As a result, said Transfers are not recoverable pursuant to 11 U.S.C. § 547(c)(2)(A).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. The Transfers the Plaintiff attempts to avoid were payments of debts incurred by the Debtor in the ordinary course of business or affairs of the Debtor and the Defendant and such Transfers were made according to ordinary business terms.

11. As a result, said Transfers are not recoverable pursuant to 11 U.S.C. § 547(c)(2)(B).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12. Subsequent to the Transfers that Plaintiff seeks to avoid, Defendant gave new value to or for the benefit of the Debtor in the form of additional services and/or products provided by Defendant to the Debtor, and such new value provided in the form of additional services and/or products were not secured by any security interest, and the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Debtor on account of such new value.

13. As a result, said Transfers are not recoverable pursuant to 11 U.S.C. § 547(c)(4).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14. Defendant is not liable to the Plaintiff, and the alleged Transfers are not avoidable, to the extent that any alleged Transfers were not made on or within 90 days before the Debtor filed its petition for bankruptcy relief.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15. The Plaintiff cannot recover on its claims because the Plaintiff cannot demonstrate that the Debtor was insolvent at the time of the Transfers in question.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16. The Plaintiff cannot recover on its claims under Bankruptcy Code §550 because to the extent any Transfers by the Debtor to Defendant occurred, Defendant was a good faith transferee who took for value and without knowledge of any alleged voidability of the transfers in question.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17. To the extent that any of the alleged Transfers were made by Debtor to Defendant, and to the extent the Debtor was solvent when the alleged transfers were made, the Plaintiff may not avoid the alleged Transfers to Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18. The Plaintiff cannot recover on its claims because, to the extent any Transfers by the Debtor to Defendant occurred, the Plaintiff cannot demonstrate that Defendant received more than it would have received if the case were a case under Chapter 7 of the Bankruptcy Code and the Transfers in question had not been made.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

19. The Plaintiff cannot recover on its claims to the extent that Defendant had a lien or security interest in any of the products shipped or other assets of the Debtors.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

20. To the extent any of the alleged Transfers were made by Debtor to Defendant, the Plaintiff is precluded from asserting these claims under the doctrines of unclean hands, waiver, estoppel, and/or laches.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

21. Pursuant to Fed. Rule of Civil Procedure 8 as incorporated in the Bankruptcy arena by FRBP 7008(b), Defendant is entitled to an award of attorney's fees and costs in defending this Action, in an amount to be determined by the Court.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

22. Defendant reserves the right to assert additional defenses, or to amend its present defenses and assert claims for payment, as further information becomes available to Defendant.

**WHEREFORE,** Defendant respectfully requests that this Court enter an Order: (i) dismissing the Plaintiff's Complaint in its entirety, (ii) denying the relief requested in Plaintiff's "Wherefore" clause and/or Prayer for Relief in the Complaint, (iii) entering judgment in

Defendant's favor, (iv) awarding attorneys' fees and costs to Defendant, and (iv) granting such other and further relief to Defendant as is just and appropriate.

Dated: October 26, 2022

HARRIS BEACH PLLC

_____
Lee E. Woodard, Esq.
Brian D. Roy, Esq.
*Counsel for Astrazeneca LP*
333 W. Washington St., Suite 200
Syracuse, New York 13202
(315) 423-7100
bkemail@harrisbeach.com

TO: Ilan D. Schart, Esq.
Jason S. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
Attorneys for Plaintiff
780 Third Avenue, 34th Floor
New York, NY 10017
(212) 561-7700
ischarf@pszjlaw.com
jspomerantz@pszjlaw.com